Bell Telephone Company of Pennsylvania,
Appellant, *v.* Philadelphia.

Argued January 5, 1966. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*John B. Hannum,* with him *Thomas A. Everly, Jr., Peter F. Pugliese, John B. King,* and *Pepper, Hamilton & Scheetz,* for appellant.

*Levy Anderson,* First Deputy City Solicitor, *Gerald Gornish,* Assistant City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE COHEN, March 22, 1966:

Pursuant to the power granted by the Act of August 5, 1932, P. L. 45, §1, as amended, 53 P.S. §15971, known as the Sterling Act, the City of Philadelphia adopted an ordinance imposing a Mercantile License Tax upon persons engaged in certain business activities within the City. This Act also has the effect of prohibiting the imposition of any tax by the City on items subject to a State tax or license fee.

The Bell Telephone Company (Bell), appellant, and others in 1953 successfully sought a decree in equity prohibiting as to them the imposition of the Mercantile License Tax. That decree perpetually enjoined the City from enforcing or attempting to enforce the Mercantile License Tax against Bell.

In 1961, without seeking a modification of the 1953 injunction, the City assessed a Mercantile License Tax against Bell's receipts from directory advertising, miscellaneous sales, rentals, commissions, dividends, and interest, contending that the earlier injunction did not proscribe such assessments. Bell thereupon filed a pe-

tition for a citation, and the chancellor held that the City's assessment violated the 1953 decree.

The City then withdrew the assessment and filed a petition seeking a modification of the 1953 injunction. The trial court held that its original decree, which enjoined collection perpetually, was in error and it modified that decree so as to restrain the enforcement of the City tax only for the years preceding and including 1953. At the same time, that court held that the question as to whether Bell's incidental receipts were subject to the Mercantile License Tax was a proper one for consideration by the Philadelphia Tax Review Board. It is from this decree that Bell appeals.

The issues presented in this appeal are: (1) whether the court below erred in modifying its original decree, and (2) if it was not in error what is the proper forum for considering Bell's objections.

The original decree was entered on the basis of the Sterling Act. There was no determination of unconstitutionality of the ordinance but only a holding that the Sterling Act prohibited its application. We are, therefore, not faced with the question of whether enforcement of an unconstitutional taxing statute may be perpetually enjoined, but only with the question of whether an erroneous interpretation of a taxing statute by a tax official supports his being prohibited from ever again enforcing that taxing statute against the decree winner.

We have held that such action may not be proscribed. In Pinebrook Foundation, Inc. v. Shiffer, 416 Pa. 379, 206 A. 2d 314 (1965), the reasoning of the rule was stated: "If, because it once erred, the agency were prohibited from acting again with respect to a certain matter without prior judicial approval there would be a grave decrease in the utility of the administrative process and a violation of the legislative intention to place certain matters, initially, at least, with-

in the judgment of the administrative agency with its own peculiarly adapted timing, procedure, and expertise—not to mention the exceedingly increased burden on the judiciary."

As is clear from the distinct features of *Pinebrook* (which discusses separately the reasons for equity not issuing a perpetual injunction against a tax collection authority and the limitation on equity jurisdiction where there is an administrative procedure), the limitation on its original decree entered by the lower court in this case is correct regardless of whether it or the Tax Review Board is the proper forum for challenging the City's subsequent efforts to collect the tax.

Bell also objects to equity's referral of the matter to the Tax Review Board. First, it should be noted that neither at oral argument nor in its brief has Bell maintained that the incidental receipts are not subject to the Mercantile License Tax. Bell maintains that: (1) equity is the proper forum to determine want of power to tax, but no attack is made on the power of the City to enact a Mercantile License Tax; (2) the Tax Review Board has no jurisdiction to determine constitutional objections, but the constitutional objections Bell raises have either been decided against it (*National Biscuit Co. v. Philadelphia,* 374 Pa. 604, 98 A. 2d 182 (1953), *Tax Review Board v. C. J. Devine & Co.,* 184 Pa. Superior Ct. 297, 134 A. 2d 238 (1957)) or are so devoid of merit as not even to be colorable.

Decree affirmed at appellant's cost.

Mr. Chief Justice BELL dissents and would deny any assessment of taxes prior to 1961.

Mr. Justice JONES dissents.

Mr. Justice ROBERTS dissents generally, and in addition, would deny any assessment of taxes prior to 1961.