## Davidson v. City of Philadelphia

*Arthur R. Littleton*, for Davidson Transfer and Storage Company and Pinto Trucking Service.

*Harold S. Shertz*, for Rodgers Motor Lines, Inc. and Contact Carrier Lines, Inc.

*John B. H. Carter*, for Bell Telephone Company of Pennsylvania, Reliance Insurance Company of Philadelphia and Fire Association of Philadelphia.

*Robert L. Bast*, for National Union Indemnity Company, National Union Fire Insurance Company and Birmingham Fire Insurance Company.

*Robert Dechert*, for Penn Mutual Life Insurance Company.

*Roy G. Schubert*, for Provident Mutual Life Insurance Company.

*Richard H. Hellenberg*, for Fidelity Mutual Life Insurance Company.

*Winer & Einhorn*, for independent taxicab owners in Philadelphia.

*Edward G. Bauer, Jr.*, and *Albert J. Persichetti*, for defendants.

CARROLL, P. J., January 24, 1968.—In 1953, The Bell Telephone Company and various other complainants instituted this action in equity to restrain the City of Philadelphia from imposing the mercantile license tax on receipts derived from their local business activities. This court determined that under the Act of August 5, 1932, P. L. 45, sec. 1, as amended, 53 PS §15971 (also known as the Sterling Act) said receipts were immune from municipal taxation and accordingly, on May 22, 1953, we entered the following decree:

"It is adjudged, ordered and decreed:

"1. That those provisions of the Mercantile License Tax Ordinance, adopted December 9, 1952 and the regulations thereunder that impose a tax upon the insurance companies and public utilities which have brought these actions are and are hereby adjudged to be invalid.

"2. That the City of Philadelphia is perpetually enjoined from enforcing or attempting to enforce any and all provisions of said Ordinance against Davidson Transfer and Storage Company, Pinto Trucking Service, Inc., Rodgers Motor Lines, Inc., Contract Carrier Lines, Inc., The Bell Telephone Company of Pennsylvania, Insurance Company of North America, Indemnity Insurance Company of North America,

Philadelphia Fire and Marine Insurance Company, Fire Association of Philadelphia, Reliance Insurance Company of Philadelphia, National Union Fire Insurance Company, National Union Indemnity Company, Birmingham Fire Insurance Company of Pennsylvania, The Penn Mutual Life Insurance Company, Provident Mutual Life Insurance Company of Philadelphia, The Fidelity Mutual Life Insurance Company, William Bonaccorsi, Jack Barbash, Joseph Murphy and Bernard Sklarow, individually and on behalf of all other independent taxicab owners in the City of Philadelphia, and all classes represented by the above-named plaintiffs in whose name these suits have been brought.

"3. The defendant is to pay the costs".

On appeal as to several respondents, the decree as to them was affirmed by the Supreme Court of Pennsylvania. No appeal was filed as to the Bell Telephone Company.

In 1961, the city assessed the mercantile license tax on Bell's incidental receipts. Subsequently, this court held that such action violated the outstanding injunction and directed that the City of Philadelphia withdraw the assessment, which was done promptly thereafter.

The city then filed a petition seeking a modification of the injunction entered on May 22, 1953, to permit the imposition of the mercantile tax on Bell's incidental receipts. In its oral argument, the city also questioned the validity of the decree insofar as it purported to enjoin the city from any prospective imposition of the mercantile tax. We were convinced that the decisions in Pinebrook Foundation, Inc. v. Shiffer, 416 Pa. 379 (1965), and YMCA v. Reading, 402 Pa. 592 (1961), both of which were decided by the Supreme Court subsequent to the entry of the injunction of 1953, were controlling, and, accordingly, we modified

paragraph 2 of the injunction with respect to the Bell Telephone Company as follows:

"2. That the City of Philadelphia is enjoined from enforcing or attempting to enforce any and all provisions of the ordinance against the Bell Telephone Company of Pennsylvania for the years preceding and including 1953".

On appeal by Bell to the Supreme Court, the modification of our decree was affirmed: Bell Telephone Co. v. City of Philadelphia, 421 Pa. 14 (1966).

There is now before us the petition of the City of Philadelphia to modify the decree as to all respondents named herein to limit the restraint upon the city's right to impose the mercantile tax to the years preceding 1954. Several of the respondents have not filed answers and are not contesting the city's petition. A number of respondents, as to which an appeal was taken by the city from the original decree, contend the affirmance of the decree by the Supreme Court protects the decree from modification. They argue that since no appeal was taken as to Bell Telephone Company, that case is distinguishable and is not controlling as to them. In our view, such a distinction is without merit. It is the settled law of Pennsylvania that "even after an appellate affirmance of a decree, that decree may be directly attacked and corrected": 8 Stand. Pa. Practice, chap. 33, §338; Frantz v. Philadelphia, 333 Pa. 220 (1939). What respondents overlook is that the Supreme Court has now declared that this court, in attempting to impose a perpetual injunction upon the city's right to tax, exceeded its authority. In so holding the Supreme Court has squarely overruled its earlier affirmance of our decree and mandated that the decree be corrected to conform to its holding as set forth in the Bell case.

Several respondents, however, while not resisting the modification of the decree, argue that any such

modification should include a prohibition against imposition of the mercantile tax for years prior to 1967, and, in the alternative, at least for years before 1961. They argue that the city, by its long delay in seeking modification, is guilty of laches and is foreclosed from attempting to assess the tax for the years during which the injunctive decree was presumably in effect.

Such contention is irrelevant to the question now before the court. A modification of our prior injunction would not ipso facto levy any taxes upon respondents but would merely permit the City of Philadelphia to proceed where heretofore they had been barred. Any action taken by the city is reviewable by the tax review board, and any decision of that board may be appealed as provided by chapter 19, sec. 1706 of the Philadelphia Code.

Accordingly, paragraph 2 of the decree entered May 22, 1953, is hereby modified to read:

"2. That the City of Philadelphia is enjoined from enforcing or attempting to enforce any and all provisions of said Ordinance against Davidson Transfer and Storage Company, Pinto Trucking Service, Inc., Rodgers Motor Lines, Inc., Contract Carrier Lines, Inc., The Bell Telephone Company of Pennsylvania, Insurance Company of North America, Indemnity Insurance Company of North America, Philadelphia Fire and Marine Insurance Company, Fire Association of Philadelphia, Reliance Insurance Company of Philadelphia, National Union Fire Insurance Company, National Union Indemnity Company, Birmingham Fire Insurance Company of Pennsylvania, The Penn Mutual Life Insurance Company, Provident Mutual Life Insurance Company of Philadelphia, The Fidelity Mutual Life Insurance Company, William Bonaccorsi, Jack Barbash, Joseph Murphy and Bernard Sklarow, individually and on behalf of all other independent taxicab owners in the City of Phila-

delphia, and all classes represented by the above-named plaintiffs in whose name these suits have been brought, for the years preceding and including 1953".