Rochester & Pittsburgh Coal Company, Appellant,
*v.* Indiana County Board of Assessment
and Revision of Taxes.

Argued October 8, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Henry T. Reath,* with him *Thomas S. Barbor,* and *Duane, Morris & Heckscher,* for appellant.

*Joseph W. Serene,* with him *Serene and Fee,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 27, 1970:

This is an action in equity brought by the Rochester & Pittsburgh Coal Company (Rochester) to enjoin application of a revised method of taxation undertaken by the Board of Assessment and Revision of Taxes of Indiana County (Board).   Rochester, appellant, contends that the classifications created and the rates applied violate the Equal Protection Clause, the Uniformity Clause and The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P. L. 571, Art. I, §101 et seq., 72 P.S. §5453.101 et seq.   Appellee filed preliminary objections alleging that this was not a proper class action (as appellant had contended) and that appellant had an adequate statutory remedy.   The court below sustained the preliminary objections on both points.

To support its contention that equity has jurisdiction in this matter, appellant cites *Lynch v. O. J. Roberts School District*, 430 Pa. 461, 244 A. 2d 1 (1968); *Studio Theaters, Inc. v. Washington*, 418 Pa. 73, 209 A. 2d 802 (1965), and *Young Men's Christian Association v. Reading*, 402 Pa. 592, 167 A. 2d 469 (1961). In *Y.M.C.A.* we did state (402 Pa. 598), that "absent a challenge to the constitutionality of a statute or of official action thereunder, equity has no jurisdiction to restrain the collection of taxes" and that the complaint should be dismissed because of the absence of such an allegation. Appellant argues that the presence of an allegation of unconstitutionality in its complaint cures the defect this Court emphasized in *Y.M.C.A.* That decision, however, does not state that a mere allegation of unconstitutionality is sufficient to confer jurisdiction on a court of equity. It only states in a negative way one set of circumstances in which equity does not have jurisdiction. In a positive sense, what is required to confer jurisdiction on an equity court is the existence of a substantial question of constitutionality (and not a mere allegation) and the absence of an adequate statutory remedy.[1]

---

[1] The problems that can be encountered when proceeding in equity rather than through the statutory process are well shown in the cases of *Abbotts Dairies v. Philadelphia*, 436 Pa. 131, 258 A. 2d 634 (1969), and *Bell Telephone Company of Pennsylvania v. Philadelphia*, 421 Pa. 14, 218 A. 2d 727 (1966). In both those cases equity, while acting with haste, did not give the cases the thorough analysis to which they would have been subjected if the administrative process had been used. As a result, the decrees were overbroad, and this Court was required to decide whether taxes could be assessed retroactively after the mistakes came to light. Expertise in this field lies in the administrative bodies, and we should be slow, as far as jurisdiction is concerned, to favor equity courts over them.

As we also stated in *Y.M.C.A.* (402 Pa. 595), "[t]he efficacy of the rule that a statutory remedy must be pursued, if one exists, in

Appellant contends that *Lynch* and *Studio Theaters* hold that equity has jurisdiction even if a specific statutory remedy exists. Neither of those cases, however, involved a real estate tax as this one does. In the real estate tax area most of the grave constitutional questions have already been decided, and most of the actions, including this one, question not the underlying statute but rather its application. In such a situation, the administrative body which has responsibility for applying the statute on a day-by-day basis should have the first opportunity of studying and ruling on any new application. It may well be that all problems will be worked out at that stage, and neither party will be required to resort to the judicial system.

Appellant next argues that equity has jurisdiction because the statutory remedy that does exist is not adequate.[2] Appellant argues that the Fourth to Eighth

---

preference to any other proceeding is hardly questionable; its application to a tax assessment proceeding whereby those most familiar with the intricacies of tax assessments are able to review the controversy thoroughly is unquestionable."

It should also be noted that the long series of real estate tax cases beginning with *Morris v. Board of Property Assessment*, 417 Pa. 192, 209 A. 2d 407 (1965), and continuing through *H. J. Heinz Company v. Board of Property Assessment*, 417 Pa. 259, 209 A. 2d 418 (1965), all came through the administrative process, and in that way it was possible to develop and resolve all the problems, including difficult constitutional ones, that were present in those cases. None of those cases have produced the problems that resulted from the equity decrees in *Abbotts Dairies* and *Bell Telephone*.

[2] Rochester states there is some confusion as to whether the Fourth to Eighth Class County Assessment Law, supra, or the General County Assessment Law, Act of May 22, 1933, P. L. 853, §1 et seq., 72 P.S. §5020-1 et seq., is applicable to this case. The major difference, as far as this appeal is concerned, is that the latter contains a specific reference to payment of interest, Act of May 22, 1933, P. L. 853, as amended by the Act of July 8, 1957, P. L. 581, §1, 72 P.S. §5020-518.1, while the former contains no specific reference. The Act of May 21, 1943, P. L. 571, Art. VIII, §801 would

Class County Assessment Law, supra, Art. VII, §704, 72 P.S. §5453.704, makes no explicit provision for the payment of interest on the amount due it as a refund. The fact that the statute does not specifically provide for interest does not mean that interest can not be part of any award. The Act of April 6, 1859, P. L. 381, §1, 12 P.S. §781, provides for the collection of interest or any verdict and the entry of every general judgment. Our case law stands for the same proposition. "The weight of authority appears to be that where the taxpayer is entitled to a refund on an excess payment of taxes, whether such right accrues by virtue of statute or not, the taxpayer is entitled to interest on the refund if no statute or public policy militates against it." *Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School District,* 304 Pa. 489, 496, 156 Atl. 75, 77 (1931). Since no statute or public policy of this Commonwealth militates against the payment of interest, Rochester will be able to recover if it is determined that it is entitled to a refund. It is not necessary to determine at this time as to what period interest may be collected. See *Jefferson Memorial Park v. West Jefferson Hills School District,* 397 Pa. 629, 156 A. 2d 861 (1959). That problem will be faced if and when the courts have decided that Rochester is entitled to a refund.

We hold that Rochester does have statutory remedy and that equity has no jurisdiction over the matter.

Decree affirmed. Costs on appellant.

Mr. Justice POMEROY concurs in the result.

---

indicate that the former statute is applicable because it repeals the latter statute as to Fourth to Eighth Class Counties. The application of the General County Assessment Law not repealed by the Fourth to Eighth Class County Assessment Law refers to taxation for city and school purposes in cities, and that is not relevant to the issues involved in this appeal.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

In 1968 the Board of Assessment and Revision of Taxes of Indiana County undertook, through a real estate appraisal firm, the revaluation and reassessment of properties in nine of Indiana County's thirty-eight political subdivisions. Since the revaluation substantially increased the tax valuations of the properties located in these nine subdivisions, the practical result was that the affected property owners paid a higher tax on their property than did similarly situated property owners in the other twenty-nine subdivisions. Appellant, the largest landholder in Indiana County, believing that the levying of taxes on the basis of this partial revaluation violated the uniformity provision of Article VIII, §1, of the Pennsylvania Constitution, brought this suit in equity. The trial court sustained the County's preliminary objections and a majority of this Court today sustains that ruling on the theory that equity has jurisdiction over cases challenging the imposition of a tax only where there is "a substantial question of constitutionality . . . and the absence of an adequate statutory remedy." Because I believe that this result is contrary to our prior case law and unnecessarily restricts equity's proper function, I must dissent.

The most recent case which directly bears upon, and in my view should control, the decision in this case was decided only last year, when this Court confronted and rebuffed a challenge to equity's jurisdiction over a constitutional attack on a school district's employment tax: *Lynch v. O. J. Roberts School District*, 430 Pa. 461, 244 A. 2d 1 (1968). We there said: ". . . While we agree with the general proposition that equity will not entertain an action where plaintiff has an adequate statutory remedy at law, we also acknowledge the presence of an exception to that doctrine, existing where a taxing statute is made the subject of a con-

stitutional challenge. 'The teaching of our case law is that, where the controversy involves a challenge to the constitutional validity of a taxing statute or ordinance, such a controversy falls within the general class of cases wherein equity does have jurisdiction and competency to act. [Citations omitted.]' Studio Theaters, Inc. v. Washington, 418 Pa. 73, 79, 209 A. 2d 802, 805 (1965). See also, Philadelphia Life Ins. Co. v. Commonwealth, 410 Pa. 571, 190 A. 2d 111 (1963) ; Young Men's Christian Assoc. v. Reading, 402 Pa. 592, 167 A. 2d 469 (1961) (dictum) ; cf. Blue Cross Appeal, 416 Pa. 574, 209 A. 2d 799 (1965). Moreover, that this rule applies even in cases where there is a *specific* statutory remedy at law is shown clearly by Studio Theaters, a case involving the very statute at issue today, the 'Tax Anything Act' of 1947. . . . Since it is undisputed that the present case involves, inter alia, a constitutional challenge to the district's occupation tax, we agree with appellees that the court below had jurisdiction." 430 Pa. at 465-66, 244 A. 2d at 3-4.

I do not know how any case could more clearly be controlling. The majority's assertion that this case is different because it involves a real estate tax is unpersuasive. While it might be true that many of the larger constitutional problems which inhabit this area have already been put to rest, one need only look at the facts of this case to see that substantial constitutional questions can still arise. Further, the relative infrequency with which substantial constitutional problems might arise hardly constitutes sufficient reason to deny courts of equity jurisdiction over such questions when they do arise.

Another case which is effectively overruled by the majority opinion is *Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 209 A. 2d 802 (1965). In that case the theater owners filed a suit in equity challenging the constitutionality of a city amusement tax, and the city

filed preliminary objections questioning, inter alia, equity's jurisdiction. In affirming the trial court's dismissal of the preliminary objections, this Court said: ". . . The teaching of our case law is that, where the controversy involves a challenge to the constitutional validity of a taxing statute or ordinance, such a controversy falls within the general class of cases wherein equity does have jurisdiction and competency to act: Bell Telephone Company of Pennsylvania v. Driscoll, 343 Pa. 109, 21 A. 2d 912; Y.M.C.A. v. Reading, 402 Pa. 592, 598, 167 A. 2d 469; Philadelphia Life Insurance Company v. Commonwealth, 410 Pa. 571, 190 A. 2d 111. Whether a court of equity, having jurisdiction to act, should act in view of the presence of an adequate remedy at law or for some other valid reason is another matter altogether." 418 Pa. at 79, 209 A. 2d at 805-806.

A third case which bears heavily on this problem is *Young Men's Christian Assoc. v. Reading,* 402 Pa. 592, 167 A. 2d 469 (1961). There this Court examined the historical basis of equitable jurisdiction in tax cases and concluded that equity had no jurisdiction where the challenge was not of constitutional dimension, saying: "We conclude, therefore, that, absent a challenge to the constitutionality of a statute or of official action thereunder, equity has no jurisdiction to restrain the collection of taxes. . . ." 402 Pa. at 598, 167 A. 2d at 472. It is my view that the rationale of this case unstintingly supports the presence of equity jurisdiction in a case such as the one before us today.

There can be little doubt that the appellant has presented a strong constitutional challenge to the propriety of this tax. If uniformity means anything it means that similarly situated taxpayers must be treated equally. Whether the inequality arises from a variance in the rate used or from varying standards of assessment makes no difference—any inequality is unconstitu-

tional. To levy taxes against property owners in one locality on the basis of recent valuations while utilizing older, lower valuations for calculating the taxes due from taxpayers owning property in other portions of the county is a seemingly patent violation of uniformity. This is not a case involving the revaluation of a single property based on improvements or other specific changes in circumstances, but a general revaluation of large areas of property based only on general changes in the economy. Such partial revaluation obviously creates the probability that two standards of valuation will be used and that there will be an uneven allocation of the tax burden. *Banger's Appeal,* 109 Pa. 79 (1885).

I can see no reason to reverse our long held position that equity has jurisdiction over constitutional challenges to tax extractions. If a tax is inherently constitutionally defective, there is no reason to confine those affected to narrow statutory remedies. Why should every property owner in Indiana County have to assume the burden of appealing the propriety of his payment when the large questions could expeditiously and efficiently be resolved in a single suit? Further, a court of equity is certainly as competent as a tax review board in deciding constitutional questions. It is my conclusion that where the intrinsic constitutionality of a taxing scheme is challenged there is no reason to force that litigation into an administrative forum, and that equity ought to have jurisdiction over such cases.

Mr. Chief Justice BELL joins in this dissent.