566 A.2d 303
COMMONWEALTH of Pennsylvania
v.
Eric J. PHELPS, Appellant.
Superior Court of Pennsylvania.
Argued Sept. 21, 1989.
Filed Nov. 17, 1989.

Eric J. Phelps, appellant, in pro. per.

Before TAMILIA, KELLY and CERCONE, JJ.

PER CURIAM:

This is an appeal from judgment of sentence entered by the court on January 24, 1989 following appellant's convictions of a misdemeanor and three summary offenses under the Vehicle Code.[1] He was sentenced to pay a fine of $100 and spend 15 days to 12 months in prison, followed by community service.

█ Appellant contends the Commonwealth has no jurisdiction over him because he has relinquished to the Commonwealth all property rights constituting privileges and immunities under the fourteenth amendment. Such a release, appellant asserts, returns him to the pre-fourteenth amendment status of an "American Freeman," and it revokes the Commonwealth's power over him.

---

1. Altered, forged, or counterfeit documents and plates (M1); 75 Pa. C.S. § 7122.
   Registration and certificate of title required; 75 Pa.C.S. § 1301.
   Operation of vehicle without official certificate of inspection; 75 Pa.C.S. § 4703.
   Carrying and exhibiting driver's license on demand; 75 Pa.C.S. § 1511.

Appellant's position is not supported by any legal authority and is antithetical to the general notions of a democratic society. One cannot create a special legal status so as to avoid the laws of the Commonwealth by releasing certain property rights. We have reviewed appellant's brief and arguments which are comprised of a myriad of disparate, disconnected and untenable legal citations and conclusions without foundation in constitutional and statutory law. Appellant would have us treat his status as a Pennsylvania citizen as a property right which he can divest at will, retaining to himself only such rights and privileges which were granted him pursuant to the Bill of Rights of the United States Constitution.

■ Inherent in the adoption by the various states of the United States Constitution and the amendments thereto, was the retention of states' sovereignty over their citizens, which is coextensive in most respects with federal sovereignty. To make abundantly clear that the Federal Constitution did not abrogate individual and states' rights, which were not arrogated to the Federal system, James Madison proposed and had adopted the ninth and tenth amendments to the United States Constitution.

## ARTICLE [IX]

The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

## ARTICLE [X]

The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

U.S. Const. art. IX and X. In conformity with the Federal Constitution, the state of Pennsylvania has empowered its government, through a Constitution duly promulgated by a convention of its people, in a Declaration of Human Rights (Article I), to unalterably establish the rights people have to liberty and free government. These rights may be aban-

doned in a limited way under special circumstances but the governance of the people may not be rejected or refused or changed individually. Section 2, Article I, Political powers, imposes all power in the people collectively, and government is founded on *their* authority which may be altered, reformed or abolished only in such manner as *they* may think proper. The laws of the Commonwealth are promulgated by the legislature, which is empowered by Article II of the Pennsylvania Constitution, and Article III which provides for the procedure in enacting bills, which become the law. Article IV of the Pennsylvania Constitution empowers the Judiciary, which functions to enforce and interpret the laws and the Constitution. As a Pennsylvania resident, appellant has a status, rather than a property right which he can divest. The status of resident carries with it not only the rights but the duties incumbent upon a citizen, resident or transient in Pennsylvania, which subjects him to the laws of the Commonwealth.

Since appellant points to no legal infirmity in the proceedings in the trial court, but relies on his assumed status of "U.S. Freeman" to immunize himself from the effects of his violation of Pennsylvania laws, and there is no legal or constitutional basis for the claimed status, his appeal must be denied and judgment of sentence affirmed.

Judgment of sentence affirmed.