568 A.2d 968

**COMMONWEALTH of Pennsylvania**

v.

**Paul J. SCHELLENBERGER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1989.

Filed Jan. 16, 1990.

414

Paul J. Schellenberger, pro. per.

Thomas F. Smida, Allentown, for appellee.

Before McEWEN, OLSZEWSKI and TAMILIA, JJ.

PER CURIAM:

This is an appeal from the judgments of sentence at nos. 413–S–1984 and 125–S–1986 imposed April 25, 1989 following denial of appellant's post-trial motions on March 8, 1989. Appellant was convicted of violating the earned income tax ordinance of Lower Macungie Township[1] by failing, neglecting or refusing to file earned income tax returns for the years 1983 and 1984. He was sentenced to pay a $100 fine plus costs for each of the two convictions and to file declarations of earned income tax for 1983 and 1984 and pay the appropriate taxes thereunder. Imposition of sentence was stayed pending appeal.

Appellant's post-trial motions challenge the convictions alleging the prosecution failed to prove its case, the trial court lacked jurisdiction over appellant and the tax ordinance is unconstitutional. The trial court denied the motions, and appellant, pro se, brings this appeal.[2]

1. Lower Macungie Township Ordinance §§ 3:00 Declaration and Payment of Tax and 3:02 Salaries, Wages, Commissions and Other Compensation.

2. Appellant attempts to add another similar conviction to this appeal, namely docket no. 426–S–1983, which appellant incorrectly identified

■ We begin with an examination of appellant's claim the taxing ordinance is unconstitutional. Appellant argues the tax is unconstitutional because it infringes upon his right to labor, and as such denies him due process. We see no merit to this contention. The power to tax, in Pennsylvania, is vested in the General Assembly as an attribute of sovereignty limited by the Pennsylvania and United States Constitutions. Pa. Const. Art. VIII, Sec. 1; *Commonwealth v. Perkins*, 342 Pa. 529, 21 A.2d 45 (1941), *aff'd*, 314 U.S. 586, 62 S.Ct. 484, 86 L.Ed. 473 (1942). The Local Tax Enabling Act of 1965, 53 P.S. § 6901, *et seq.*, grants Lower Macungie Township the authority to tax earned income. 53 P.S. § 6902. This grant of authority to tax has been long recognized in Pennsylvania. *See Dole v. Philadelphia*, 337 Pa. 375, 11 A.2d 163 (1940); *English and McCormick v. School Dist. of Robinson Township*, 358 Pa. 45, 55 A.2d 803 (1947); *Aronson v. Pittsburgh*, 86 Pa.Cmwlth. 591, 485 A.2d 890 (1985). If we accepted appellant's reasoning, we would have to declare all taxes at every level of government unconstitutional as an infringement on the individual's right to work. This of course is patently absurd and we find this tax does not infringe on appellant's right to work.

■ Additionally, appellant contends the Local Tax Enabling Act violates his right against self-incrimination under the fifth and fourteenth amendments to the United States Constitution and article 1, § 9 of the Commonwealth of

as docket no. 421–S–1983 in one of the two notices of appeal contained in the record. Because a check with the Lehigh County prothonotary reveals 421–S–1983 does not concern this appellant and there has been no action on case 426–S–1983 for over three years and the Order from which this appeal is taken does not include 426–S–1983, we do not address it here. This matter is also addressed incorrectly in the Commonwealth's brief at pages 2–3 as 421–S–1983. We also note both the trial court's opinion and the Commonwealth's brief incorrectly refer to appellant's appeals to this Court of the same convictions, 413–S–1984 and 125–S–1986, and this Court's July 16, 1985 Order to remand with instructions to advise appellant of his right to file post-trial motions (Slip Op., Diefenderfer, J., 3/8/89, p. 2 and Appellee's brief, pp. 1–2). This Court's July 16, 1985 Order to remand pertains only to 426–S–1983, which as noted above is not proper subject of this appeal. A review of the records reveal no previous appeal to this Court on either 413–S–1984 or 125–S–1986.

Pennsylvania Constitution. Specifically, appellant objects to the local ordinance's provisions calling for production of all books, records and papers for examination by the tax officer and providing penalties for failure to file a return. Lower Macungie Township Earned Income Tax Ordinance § 11.01. " '[T]here is no compulsory self-crimination in a rule of law which merely requires beforehand a future report on a class of future acts among which a particular one may or may not in future be criminal at the choice of the party reporting.' " *City of Philadelphia v. Cline*, 158 Pa.Super. 179, 44 A.2d 610 (1945), quoting 8 Wigmore on Evidence, 3d Ed., § 2259c. In *Cline*, this Court found no violation of the privilege against self-incrimination in the earned income tax ordinance of Philadelphia, which requires filing of returns evidencing tax liability. So too we find no violation of the privilege against self-incrimination in the instant case.[3]

 Appellant further argues the trial court had no jurisdiction over this case because the case is really a civil proceeding and not a criminal case. Appellant incorrectly relies on the now overturned decision in *York v. Baynes*, 188 Pa.Super. 581, 149 A.2d 681 (1959), for the proposition an action brought against a defendant for violation of a municipal ordinance is actually a suit for the recovery of a penalty due the municipality and is not a summary criminal proceeding but is a civil proceeding. Because the Local Tax Enabling Act and the Township's Earned Income Tax Ordinance provide for a hearing before a magistrate and for imprisonment upon conviction, we find the instant case is a criminal case pursuant to the Pennsylvania Rules of Criminal Procedure.[4] Appellant also claims he is "a free and natural person," and as such he does not fall under the

---

**3.** We also note appellant has not asserted this privilege against self-incrimination in the proceedings. To properly assert the privilege, appellant must raise it on a document-by-document basis, and he must demonstrate all the elements of the privilege are present. *See, U.S. v. First State Bank*, 691 F.2d 332 (7th Cir.1982). Having failed to timely assert the privilege, appellant cannot now invoke it to absolve him of liability.

**4.** *See* Pa.R.Crim.P. 3 and 67(f).

township's tax ordinance (Appellant's Brief, Jurisdiction argument, p. 3). Appellant cannot create a special legal status for himself so as to avoid the laws of the Commonwealth. *Commonwealth v. Phelps,* 388 Pa.Super. 624, 566 A.2d 303 (1989). As a result, the trial court properly exercised jurisdiction over the case.

To the extent we can determine from appellant's unclear and unconventional brief, his final argument for reversal is that the Commonwealth failed to prove its case. Appellant claims the prosecutor did not prove all the elements of the offense. The township's ordinance, enacted under the Local Tax Enabling Act, states, *inter alia:*

> Any person who fails, neglects or refuses to make any declaration or return required by this Ordinance; ... any person who refuses to permit the Income Tax officer, or any agent properly designated by him, to examine his books, records and papers; and any person who makes any incomplete, false or fraudulent return to avoid the payment of the whole or any part of the tax imposed by this Ordinance, upon conviction thereof before a Justice of the Peace within Lower Macungie Township [sic], shall be sentenced to pay a fine of not more than Five Hundred ($500.00) Dollars and not less than One Hundred ($100.00) Dollars plus costs for each offense, and in default of payment of said fine and costs, shall be imprisoned in the Lehigh County jail for a period not exceeding thirty (30) days.

Lower Macungie Township Earned Income Tax Ordinance, § 11.01.

From the ordinance itself, we find the necessary elements for conviction to be satisfied when any person fails, neglects or refuses to make a declaration or return, refuses to allow the Income Tax officer to examine his books, records and papers or files a false or fraudulent return. A review of the record suggests ample evidence, presented by the prosecution, to support appellant's conviction. The township's tax collector testified he sent several letters to appellant notifying him of the need to file a return, and there

was no response or explanation (T.T., 3/14/86, p. 18). The tax collector also testified appellant did not, in fact, file a return for the years in question or make any response whatsoever (T.T. at 37). We find this testimony enough to support appellant's conviction. Thus we agree with the trial court's denial of appellant's post-trial motions and subsequent entries of judgments of sentence.

Judgments of sentence affirmed.