Michael BEHE; Mark F. Brancato; Frank Husted; Joseph J. Kelly; Robert J. Lorenz; Edward Moran, Jr.; John C. Thomas; Deborah L. Thomas, h/w

v.

### CHESTER COUNTY BOARD OF ASSESSMENT APPEALS; County of Chester.

Michael Behe, Mark F. Brancato, Frank Husted, Joseph J. Kelly, Robert Lorenz, Edward Moran, Jr., John C. Thomas and Deborah L. Thomas, h/w, Appellants.

No. 91–1541.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Dec. 10, 1991.

Decided Dec. 23, 1991.

Michael G. Trachtman, Ethan N. Halberstadt, Powell, Trachtman, Logan & Carrie, King of Prussia, Pa., for appellants.

John S. Halsted, Thomas L. Whiteman, Office of County Sol., West Chester, Pa., for appellees.

Before BECKER, GREENBERG and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

On this appeal, we affirm the District Court's order which dismissed for lack of subject matter jurisdiction the action brought by appellant homeowners against the County of Chester Board of Assessment Appeals. Because we conclude that the Tax Injunction Act bars federal jurisdiction over the homeowners claims, we affirm.

### I.

The plaintiffs in this case, owners of recently built homes in Chester County, Pa. (*"Homeowners"*), brought a § 1983 suit in the District Court for the Eastern District of Pennsylvania alleging that Chester County and its Board of Assessment Appeals annually failed to revise property assessments as required by Pennsylvania law. This failure, Homeowners allege, creates two unfair results: first, the assessed values of newer properties—and the resultant property taxes that must be paid on those properties—are much higher than those of older properties. Second, as the property values of the older properties remain artificially deflated, the county is forced to hike everyone's property tax rate in order to collect enough money.

Homeowners claim that this alleged failure to reassess property values on an annual basis violated Homeowners' substantive due process and equal protection rights under the U.S. Constitution and also violated Homeowners' rights under the Pennsylvania Constitution, which requires that all taxes "be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax," and under the Third Class County Assessment Law, which requires annual assessments. Homeowners did not seek monetary relief, but rather a court order requiring Defendants to conduct the property tax assessments according to law.

The district court dismissed the complaint for lack of subject matter jurisdiction. The district court provided three reasons for the dismissal: first, the court held that under the Tax Injunction Act, 28 U.S.C. § 1341, taxpayers may not challenge the validity of a state tax system in federal court if the state could provide a "plain, speedy and efficient" remedy. Second, the district court held that the principle of comity barred the court from asserting jurisdiction. Third, the district court held that even if it did have jurisdiction over some of the claims brought by the Homeowners, it would decline to exercise such jurisdiction.

On appeal, Homeowners argue that there is no "plain, speedy and efficient remedy" for their claims in Pennsylvania state courts, and that therefore (1) their claims are not barred by the Tax Injunction Act; (2) their claims are not barred from federal court by principles of comity; and (3) the abstention doctrines do not apply.

At least four of the Homeowners have filed an almost identical action which is currently pending in the Chester County Court of Common Pleas. That action contests the alleged inequality of assessment of property in the county resulting from the county's failure to reassess annually properties in the county. (Brancato v. County of Chester, No. 91–00563; Thomas v. County of Chester, No. 91–3533).

## II.

The Tax Injunction Act (the *"Act"*) provides that:

[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax where a plain, speedy and efficient remedy may be had in the court of such State.

28 U.S.C. § 1341. The Supreme Court, emphasizing that the Act "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations," *Tully v. Griffin, Inc.*, 429 U.S. 68, 73, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976), has read the act quite broadly. As one commentator has noted, "the Supreme Court has expanded the scope of the Act to exclude virtually all challenges to state and local taxation from the federal courts." Note, *Clarifying Comity: State Court Jurisdiction and Section 1983 State Tax Challenges,* 103 Harv.L.Rev. 1888, 1888 (1990) (hereinafter, *Clarifying Comity* ). For example, although the plain language of the Act prohibits only injunctions, the Supreme Court has held that the Act also prohibits a federal court from issuing declaratory judgments. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982). As a result of its expansive reading of the Act, "the Court has woven an almost impenetrable barrier to state tax challenges in federal court." *Clarifying Comity,* 103 Harv. L.Rev. at 1890.

The Act divests the District Court of jurisdiction to provide the requested injunctive and declaratory relief requested unless Pennsylvania is found not to provide a "plain, speedy and efficient remedy." The Supreme Court has explained that the "plain, speedy and efficient remedy" exception was designed to require that the state remedy satisfy certain *procedural* criteria; the State remedy need not be the best or most convenient one. *See Rosewell v. La-Salle National Bank,* 450 U.S. 503, 512, 101 S.Ct. 1221, 1228, 67 L.Ed.2d 464 (1981). In *Rosewell,* the Court found that a state provided a "plain, speedy and efficient remedy" if it allowed the taxpayer to raise all objections at a full administrative hearing and if the state allowed the taxpayer to appeal to the higher state courts. This Court has emphasized that in order to 'be faithful to the congressional intent "to limit drastically" federal court interference with state tax systems, we must construe narrowly the 'plain, speedy and efficient' exception to the Tax Injunction Act.' " *Sipe v. Amerada Hess Corp.,* 689 F.2d 396, 404 (3d Cir.1982) (quoting *California v. Grace Brethren Church,* 457 U.S. 393, 102 S.Ct. 2498 (1982)).

An examination of (1) relevant causes of action cognizable in Pennsylvania courts and (2) Pennsylvania procedures for appealing tax assessments, reveals that Pennsylvania provides an adequate remedy for Homeowners.

## A.

The Pennsylvania Constitution provides that:

[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

Pa. Const. Art. VIII § 1. This so-called "uniformity clause" provides a cause of action in Pennsylvania courts for Pennsylvania taxpayers who claim that their property has been assessed at a higher percentage of fair market value than have other properties in their County. *See, e.g., McKnight Shopping Center, Inc. v. Bd. of Property Assessment, Appeal & Review,* 417 Pa. 234, 209 A.2d 389, 392 (1965). In addition, the Pennsylvania Constitution contains a counterpart to the U.S. Constitution's Equal Protection clause. *See* Pa. Const. Art. I § 6 ("Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.") The Pennsylvania Supreme Court has equated Pennsylvania's Equal Protection Clause with that of the U.S. Constitution: "The equal protection provisions of the Pennsylvania Constitution are analyzed by this Court under the same standards used

by the United States Supreme Court when reviewing equal protection claims under the Fourteenth Amendment to the United States Constitution." *Love v. Borough of Stroudsburg,* 597 A.2d 1137, 1139 (Pa. 1991).

We have already concluded that the Pennsylvania Constitution provides as much protection against unequal taxation as the U.S. Constitution. In *Garrett v. Bamford,* 582 F.2d 810 (3rd Cir.1978), ("*Garrett II*), a class of homeowners alleged that their county's failure to make annual assessments of property value violated their equal protection rights by discriminating against homeowners in non-white areas of the county, where property values had been declining, and in favor of homeowners in white areas, where property values had been increasing. We determined that Pennsylvania's statutory property assessment scheme, and in particular the right to bring suit in Pennsylvania courts pursuant to the "uniformity clause," provides a "plain, speedy and efficient remedy" capable of addressing the precise issues raised in this appeal:

> [W]e fail to perceive any relief which appellants can request through a federal claim bottomed on the Fourteenth Amendment that is not guaranteed them by Pennsylvania's Constitution, statutes, and case law. It is the very essence of the county real estate assessment schema, mandated by the Pennsylvania Constitution, that there be a uniform method of assessing real estate for local tax purposes....
> We are therefore persuaded that the precise Equal Protection right of uniformity which appellants wish to assert in the federal courts is guaranteed by the Pennsylvania Constitution. To vindicate the right of uniformity ... is the major function of the Boards of Assessments and the courts in reviewing real estate assessments.

*Garrett II,* 582 F.2d at 815–16.

In addition, nothing prevents Homeowners from suing in state court pursuant to the U.S. Constitution. "The power to tax, in Pennsylvania, is ... limited by the Pennsylvania and United States Constitutions." *Commonwealth v. Schellenberger,* 390 Pa.Super. 413, 568 A.2d 968 (1990). The Supreme Court of Pennsylvania has stated that "[a]bsent the uniformity clause in our State Constitution, the 14th Amendment of the Federal Constitution would protect taxpayers of the same class from discriminatory treatment in violation of their right to equal protection of the laws." *McKnight Shopping Center, Inc.,* 209 A.2d at 392 n. 4. *See also Rochester & Pittsburgh Coal Co. v. Bd. of Assessment & Revision of Taxes,* 438 Pa. 506, 266 A.2d 78, 79 (1970) (plaintiff taxpayers may raise federal constitutional claims in Pennsylvania state court so long as they first appeal to the appropriate state agency); *Consolidated Gas Supply Corp. v. Clinton County,* 80 Pa.Cmwlth. 10, 470 A.2d 1113, 1114 (1984) (same); *Concerned Taxpayers of Beaver County v. Beaver County Bd. of Assessment Appeals,* 75 Pa.Cmwlth. 443, 462 A.2d 347 (1983) (same); *Sunderland Properties, Inc. v. County of Berks,* 750 F.Supp. 704, 710 (E.D.Pa.1990) ("Numerous Pennsylvania decisions stand for the proposition that a taxpayer can challenge the constitutional application of real estate taxes during the property assessment appeal procedure before the Board of Assessment Appeals, and then appeal to the Court of Common Pleas."). *Cf. Stajkowski v. Carbon County Bd. of Assessment and Revision of Taxes,* 518 Pa. 150, 541 A.2d 1384 (1988) (holding a county tax unconstitutional pursuant to the First Amendment).

Homeowners argue that "there is no indication that those whose property assessments are accurate (*i.e.,* currently assessed) could seek and obtain [in state court] an inaccurate assessment so as to be placed on an equal footing with other, inaccurately valued properties (*i.e.,* those with outdated assessments)." Brief for Plaintiffs at 13. This is incorrect. Pennsylvania Courts have held that taxpayers may demonstrate an unconstitutional lack of uniformity by proving that the actual value of other taxpayers' properties is different from that determined by the assessors. In *McKnight Shopping Center, supra,* the Pennsylvania Supreme Court held that the

trial court had improperly rejected evidence of the actual value and assessments of other shopping centers offered in proof of the alleged overassessment of the shopping center in question. *See also Feist v. Luzerne County Bd. of Assessment Appeals,* 22 Pa.Cmwlth. 181, 347 A.2d 772, 777 (1975) ("[I]f the lack of uniformity in a golf course assessment is the issue, appellant may ... if relevant, prove that the actual value of other golf courses is different from that determined by the assessors."); *Valley Forge Golf Club, Inc. v. Bd. of Assessment & Revision of Taxes,* 3 Pa. Cmwlth. 644, 285 A.2d 213, 216 (1971) ("A property owner claiming that his assessment is not uniform may carry his burden of proof by a showing that a lower ratio of assessment to actual value has been applied to similar properties.").

If Homeowners demonstrate to a Pennsylvania Court (or to the Board of Assessment Appeals) that newer homes in the County are assessed at fair market value whereas older properties are assessed below fair market value, the "uniformity clause" requires that Homeowners' assessments be lowered. The Pennsylvania Supreme Court has held that even a legal requirement that real estate be assessed according to its actual value "is, of course, subordinate to the constitutional requirement of uniformity." *Buhl Foundation v. Bd. of Property Assessment, Appeals & Review,* 407 Pa. 567, 180 A.2d 900 (1962). As the Pennsylvania Commonwealth Court has stated, the "uniformity clause" mandates that "[a]s between the standard of actual value and the standard of uniformity, uniformity must prevail." *Valley Forge Golf Club,* 285 A.2d at 216.

### B.

Pennsylvania law allows a dissatisfied taxpayer to file an appeal with the Board of Assessment Appeals. 72 P.S. § 5349(c). Parties must be notified of hearings and the Board may "compel the attendance of witnesses and the furnishing of documents." 72 P.S. § 5349(d).

Homeowners cite several Pennsylvania cases that, in their view, support the proposition that Pennsylvania courts do not provide an adequate forum for constitutional challenges to state taxes. *See* Brief for Appellants at 10–12. However, the cases cited by Homeowners simply state that a constitutional claim must first be brought to the Board of Assessment. The constitutional claim may then be appealed up through the state court system. As the Supreme Court of Pennsylvania has explained, Constitutional objections to State taxes should be brought first to "the administrative body which has responsibility for applying the statute on a day-by-day basis.... It may well be that all problems will be worked out at that stage, and neither party will be required to resort to the judicial system." *Rochester & Pittsburgh Coal Company,* 266 A.2d at 79.

An adverse decision by the Board may be appealed to the Court of Common Pleas for *de novo* review. 72 P.S. § 5350. The Court of Common Pleas, in reviewing an appeal from the Board, is charged with "mak[ing] such orders and decrees ... [that] seem just and equitable having due regard to the valuation and assessment made of other real estate in such county or city," 72 P.S. 5020–518.1.[1] We see no reason why the powers conferred on the Common Pleas court by the statute would not permit the court to enjoin the collection of taxes countywide if it found the system of assessment unconstitutional, the injunction to last until county officials rectified the situation by reassessment. This procedure would also satisfy the Homeowners' alternative (and well pleaded) concern—that the countywide millage is artificially high (placing an additional burden on Homeowners) because of an unconstitutional countywide assessment system. A litigant whose arguments fail in the Court of Common Pleas may appeal within the State court system and, with regard to federal Constitutional

---

**1.** Section 5020–518.1 of the General County Assessment Law is applicable to property assessment appeals in Third Class Counties. *See Truck Terminal Motels of America, Inc., v. Berks County Bd. of Assessment Appeals,* 127 Pa. Cmwlth. 408, 561 A.2d 1305 (1989); *Sunderland Properties, Inc. v. County of Berks, Pa.,* 750 F.Supp. 704, 708–10 (E.D.Pa.1990).

arguments, ultimately to the Supreme Court of the United States. *See Long v. Kistler*, 524 F.Supp. 225 (E.D.Penn.1981).

Homeowners' suit thus properly belongs in the Pennsylvania state courts.[2] Because we hold that the Tax Injunction Act prohibited the District Court from exercising jurisdiction, we need not reach the question of whether comity principles and the abstention doctrines would also preclude federal jurisdiction over this case.

## III.

We will affirm the Order of the District Court dismissing the complaint for lack of subject matter jurisdiction.

**2.** As we have previously noted in text, several of the Homeowners have, in fact, already chosen to pursue that remedy and have appeals pending in the Court of Common Pleas of Chester County. (Brancato, et al v. County of Chester, et al, No. 91–00563; John C. Thomas and Deborah L. Thomas v. County of Chester, et al, No. 91–03533). The Homeowners have raised their federal Constitutional claims in these appeals.