Helen Dorfman, Kimberly Veitch, Great Valley School District, Downingtown Area School District, West Chester Area School District, Tredyffrin/Easttown School District, Coatsville Area School District, Appellants,

v.

CHESTER COUNTY BOARD OF ASSESSMENT APPEALS.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.

Decided Jan. 6, 1997.

In re Class Action Appeal of Patricia A. PUHLMAN, Bernadette Garchinsky, Gloria G. Hunsberger, Karen Pierce, Gretchen M. Price, Jack Calderoni, Edward Calderoni, Jon C. Dattorro, Cary Eberly, Ralph Eberly, Jean M. Harris, George W. Grimes, Joan Grimes, Mitchell Seltzer, William Covert, Marita Donohue Fisher, David (IV) Vernon, Thomas Kelley, Jeanette Kelley, Joan Ferri, Donald Fell, Gladys Fell, Richard Foster–Pegg, S.A. Foster-Pegg, George Gehring, Bernice Gehring, Henry Phillips, Jane Phillips, Barbara Werner, Vincent Rafferty, Elizabeth Rafferty, Charles Mackey, Edward Behr, Charles Miller, Morton Adelberg, Ronald Lawwill, Ellen Lawwill, J. Bradley McManus, Lisa Ann Zimmer, Janet Rosoff, Janet Heinis, George Marincola, Vanessa Marincola,

Clara A. Rankin, Media, for appellants.

Randall C. Schauer, West Chester, for appellee.

Before DOYLE and FRIEDMAN, JJ., and KELTON, Senior Judge.

DOYLE, Judge.

Patricia Puhlman and Bernadette Garchinsky, as well as other individuals owning property in Chester County (collectively, Appellants), appeal from an order of the Court of Common Pleas of Chester County, which dismissed Appellants' Complaint in Equity.

Appellants[1] are owners of various types of dwelling units located in several different municipalities in Chester County,[2] Pennsylvania. On or about September 1, 1994, Appellants filed tax assessment appeals with the Chester County Board of Assessment Appeals (Board). Although some of these appeals were filed on behalf of individual taxpayers, many of them were purportedly filed on behalf of classes of similarly situated property owners. Neither the Board nor the Chester County Court of Common Pleas at that time had promulgated any rules pertaining to class certification in tax assessment appeals. The Board nonetheless scheduled a hearing for December 2, 1994, for the purpose of determining class certification, as well as for hearing the individual tax assessment appeals.

The Board, prior to the hearing on December 2, 1994, then adopted procedures relating to class certification and conducted the hearing as scheduled. **At no time before the Board** did Appellants object to these procedures.

On February 10, 1995, the Board issued a comprehensive review and determination of the appeals filed by the purported class representatives. In its decision, the Board granted class certification as to some groups of property owners and denied class certification as to others. A number of individuals, including Appellants herein, subsequently appealed to the Court of Common Pleas from the Board's class certification decisions.

By an order dated November 6, 1995, the trial court consolidated twelve appeals, which challenged only the Board's class certification determinations and procedures, with three other appeals, which challenged only specific tax valuations by the Board. The trial court, by a memorandum opinion and order dated March 29, 1995, subsequently dismissed the consolidated appeals in their entirety. An appeal to this court followed, in which we affirmed in part and vacated and remanded in part the order of the trial court dismissing the consolidated appeals.[3]

On March 20, 1995, while the appeal to this Court was still pending in **Mackey–Behr**, Appellants filed a Complaint in Equity with the Court of Common Pleas, "seeking mandamus relief and prohibition in an order compelling the Board to hear the [c]lass [a]ction [t]ax assessment [a]ppeals in the manner prescribed by statute and without application of the Board's class action rules." (Brief of Appellants at 4.) The complaint alleged, *inter alia*, that the Board lacked the authority to render class certification decisions for the purpose of class action tax assessment appeals.

On May 17, 1996, upon preliminary objections filed by the Board, the trial court sustained the Board's objections and dismissed Appellants' Complaint in Equity, holding that

---

1. Appellants were also appellants with respect to the consolidated appeals which were before this Court in *In re: Class Action Appeal of Mackey and Behr*, 687 A.2d 1186 (Pa.Cmwlth.1997). Several school districts are also parties to this appeal: Great Valley School District, Downingtown Area School District, Coatesville Area School District, West Chester Area School District, and Tredyffrin–Easttown School District.

2. Chester County is a "Third Class County" under Section 210 of the County Code, Act of August 9, 1955, P.L. 323, *as amended* 16 P.S. § 210.

3. *See In re: Class Action Appeal of Mackey and Behr*, 687 A.2d 1186 (Pa.Cmwlth.1997), which opinion is being filed contemporaneously with this opinion. In that appeal (*Mackey–Behr*), we addressed more explicitly the merits of the arguments on which Appellants' Complaint in Equity in this appeal is based. We held in *Mackey–Behr* that a county board of assessment appeals does have the authority to render class certification decisions with respect to the class action tax assessment appeals it receives.

Appellants had an adequate remedy at law. This appeal followed and we affirm the judgment of the trial court.

Class action tax assessment appeals are permitted pursuant to Section 8(c) of the Third Class County Assessment Law,[4] which provides in pertinent part as follows:

> (c) Any person aggrieved by any assessment ... may appeal to the board for relief....

> For the purpose of assessment appeals under this act, the term 'person' shall include, in addition to that provided by law, a group of two or more persons acting on behalf of a class of persons similarly situated with regard to the assessment.

72 P.S. § 5349(c). Many counties in the Commonwealth have not adopted specific certification procedures for similarly situated property owners appealing their tax assessments as a purported class, but in Chester County, the Chester County Board of Assessment Appeals had drafted and adopted such procedures and made specific class certification decisions pursuant to them.

In dismissing Appellants' equity complaint which challenged these procedures, the trial court stated as follows:

> It is my conclusion that [Appellants] have a legal remedy, to wit, the appellate procedures provided in 72 P.S. §§ 5020–518.1 and 5350. I am aware that this means that [Appellants] must present testimony on both class certification and valuation in front of the Board, before they may appeal, but this requirement is certainly not peculiar to assessment appeals: *c.f.* Pennsylvania Rules of Appellate Procedure 311 and 341....

> [T]he purpose of this complaint is not to start a class action, but to complain of the Board's certification procedures.... [A]n action in equity is not the proper means of testing the Board's certification procedures.... As I read the statutes, the only way [Appellants] may test the Board's certification rules is as part of an appeal from a final Order of the Board. *That is their remedy at law.*

(Opinion of the Trial Court, 3/17/96, at 4.) (Emphasis added.) We emphatically agree with the reasoning of the trial court and affirm the dismissal of Appellants' Complaint in Equity.

In *Rochester & Pittsburgh Coal Company v. Indiana County Board of Assessment,* 438 Pa. 506, 266 A.2d 78 (1970), Rochester & Pittsburgh Coal Company sought to enjoin the application of a revised method of taxation by the Board of Assessment and Revision of Taxes of Indiana County. Our Supreme Court affirmed the trial court's dismissal of the equity action and stated as follows:

> [W]hat is required to confer jurisdiction on an equity court is the existence of a substantial question of constitutionality (and not a mere allegation) and the absence of an adequate administrative remedy.

> ....

> We hold that Rochester does have a statutory remedy and that equity has no jurisdiction over the matter.

*Id.* at 508–10; 266 A.2d at 79–80 (footnote omitted). Furthermore, in *Lilian v. Commonwealth,* 467 Pa. 15, 18, 354 A.2d 250, 252 (1976), our Supreme Court stated:

> There is no doubt whatever that if the Lilians had sued to obtain a sales tax refund for themselves alone, equity would be without jurisdiction to grant recovery. Sections 252–255 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, No. 2, art. III, *as amended,* 72 P.S. §§ 7252–7255 ... provide for the refunding of improperly assessed or paid sales taxes, and set forth the procedure whereby such refunds may be obtained. Where such an administrative remedy is statutorily prescribed the general rule is that a court—be it a court of equity or a court of law—is without jurisdiction to entertain the action. (Footnote omitted.)

In this case, Appellants have not established a substantial question of constitutionality, do not mount a facial attack on the Third Class County Assessment Law, and make only mere allegations of unconstitutionality in general; additionally, they have a

---

4. Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. § 5349(c).

clear statutorily prescribed administrative remedy pursuant to the appeal provisions of the Third Class County Assessment Law,[5] and thus an adequate remedy at law exists. In fact, Appellants were already parties to an action which came to this Court by that very process. Consequently, the Common Pleas Court properly dismissed Appellants' Complaint in Equity.

Order affirmed.

### ORDER

NOW, January 6, 1997, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.

---

5. Specifically, Section 8(c) of the Third Class County Assessment Law, 72 P.S. § 5349.