**Merry J. MURTAGH, Spencer Lee Cherashore et al., Appellants,**

v.

**COUNTY OF BERKS and Berks County Board of Assessment Appeals et al.**

Commonwealth Court of Pennsylvania.

Argued April 15, 1998.

Decided July 24, 1998.

---

Dennis F. Sheils, Philadelphia, for appellants.

E. Thomas Henefer, Reading, for appellees, Board of Assessment Appeals.

Donald E. Wieand, Jr., Lehigh Valley, for appellees, Borough of Wyomissing Hills, et al.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and LEADBETTER, JJ.

KELLEY, Judge.

Mary J. Murtagh et al. (Taxpayers) appeal from the order of the Court of Common Pleas of Berks County (trial court) dated June 12, 1997 which granted the motion of the County of Berks (County) and the Berks County Board of Assessment Appeals (Board) for judgment on the pleadings. The order also dismissed with prejudice Taxpayers' amended complaint seeking monetary damages pursuant to 42 U.S.C. § 1983 (Section 1983). We affirm.[1]

The factual and extensive procedural history of this case may be summarized as follows. Taxpayers, representing a class of recent purchasers of real property in Berks County, initiated this action in October 1989 by filing a complaint against the County and the Board. The complaint alleged that the County and the Board had adopted a so-called "Welcome Stranger" policy whereby they reassessed recently purchased properties at fair market value. This assessment practice resulted in significantly higher tax assessments on newly purchased properties when compared to similar longer-held neighboring properties which were not reassessed under the practice. Due to the discrepancies created by the assessment practice, Taxpayers averred that the County and the Board violated their equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution. Since the reassessments were done under color of state law, taxpayer's complaint contained a single claim for relief pursuant to the federal civil rights law, Section 1983.[2]

The County and the Board filed a number of preliminary objections to Taxpayers' complaint, only one of which the trial court sustained finding that Taxpayers' had failed to sue the local governments which were indispensable parties. As a result, Taxpayers filed an amended complaint joining all of the nearly one hundred taxing authorities in the County. Many of the newly joined local government defendants filed preliminary objections to the amended complaint based upon a lack of subject matter jurisdiction. The trial court dismissed both sets of preliminary objections and certified the issue for appeal to this court. We ultimately reversed the trial court in *Greenwich Township v. Murtagh*, 144 Pa.Cmwlth. 624, 601 A.2d 1352 (1992), (*Murtagh I*), and ordered that the entire action be dismissed for lack of subject matter jurisdiction.

Taxpayers appealed our order to the Pennsylvania Supreme Court. The court reversed our decision in *Murtagh I* ruling that state courts do have subject matter jurisdiction over state tax challenges asserted under Sec-

---

1. Taxpayers also appeal from an order of the trial court dated August 27, 1996. This order stems from the related case of *Greenwich Township v. Murtagh*, 659 A.2d 1083 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 543 Pa. 698, 670 A.2d 144 (1995), *cert. denied*, 517 U.S. 1104, 116 S.Ct. 1320, 134 L.Ed.2d 472 (1996), in which we directed the trial court to dismiss with prejudice Taxpayers' amended complaint with respect to a number of additional defendants contained therein. Here, Taxpayers ask this court to reconsider our prior decision and reverse the trial court's order dismissing its amended complaint with respect to the additional defendants. However, because we affirm the trial court's June 12, 1997 order dismissing the action, we will not address this claim.

2. Title 42 U.S.C. § 1983 creates a remedy for violations of federal rights committed by persons acting under color of state law. Section 1983 provides in pertinent part:

Every person who, under color of statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

tion 1983 and that Taxpayers need not exhaust available state remedies prior to initiating a Section 1983 action. *Murtagh v. County of Berks*, 535 Pa. 50, 634 A.2d 179 (1993), *cert. denied*, 511 U.S. 1017, 114 S.Ct. 1397, 128 L.Ed.2d 71 (1994) (*Murtagh II* ). The Supreme Court remanded the case to this court to decide whether the local governments were proper parties to the action. In *Greenwich Township v. Murtagh*, 659 A.2d 1083 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 543 Pa. 698, 670 A.2d 144 (1995), *cert. denied*, 517 U.S. 1104, 116 S.Ct. 1320, 134 L.Ed.2d 472 (1996) (*Murtagh III* ), we held that the local governments were not proper parties to the action. Thus, we reversed the trial court and remanded the case back to the trial court with instructions to dismiss all but the present defendants.

■ On remand, the County and the Board filed a motion for judgment on the pleadings. The trial court granted the motion citing the United States Supreme Court's holding in *National Private Truck Council, Inc. v. Oklahoma Tax Commission*, 515 U.S. 582, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995) as controlling authority. Pursuant to the Court's holding, the trial court determined that it did not have subject matter jurisdiction over Taxpayers' Section 1983 because adequate state remedies had not been exhausted. Taxpayers filed the present appeal with this court contending that the trial court committed legal error when it relied on *National Private Truck Council* in rendering its decision.[3] Furthermore, Taxpayers assert that the Pennsylvania Supreme Court's

decision in *Murtagh II* is still the controlling law and directs us to reverse the trial court's order. We disagree.[4]

In *Murtagh II*, the Pennsylvania Supreme Court held that where plaintiffs are a class of taxpayers challenging the constitutionality of a property tax assessment system, they may maintain a Section 1983 action in common pleas court without first exhausting their statutory remedies. The United States Supreme Court's holding in *National Private Truck Council*, however, has undermined the precedential value of *Murtagh II*.

In that case, plaintiffs brought a Section 1983 action in Oklahoma state court alleging that certain Oklahoma taxes were unconstitutional. The Oklahoma Supreme Court held that state courts in Oklahoma could not enforce federally created rights, when such remedies would not be available in federal court. *Private Truck Council, Inc. v. Oklahoma Tax Commission*, 879 P.2d 137, 141 (1994). Because the federal Tax Injunction Act,[5] 28 U.S.C. § 1341, precluded the plaintiffs from seeking an injunction in federal court pursuant to Section 1983, the court reasoned that the state courts could not offer such relief. *Id.* at 140–41. In making its determination, the Oklahoma Supreme Court relied upon the principles of comity, federalism and "intrastate uniformity". *Id.*

The United States Supreme Court affirmed the ruling of Oklahoma Supreme Court concluding that plaintiffs challenging state taxes have no viable cause of action under Section 1983 if adequate state law

---

3. Taxpayers', in conjunction with this appeal, filed a petition for extraordinary relief with the Pennsylvania Supreme Court. The court denied the petition by order dated September 25, 1997. Reproduced Record at 82a.

4. The Superior Court in *Steiner v. Bell of Pennsylvania*, 426 Pa.Super. 84, 626 A.2d 584 (1993) concisely expressed an appellate court's scope of review on a motion for judgment on the pleadings. In that case the court stated:

> When reviewing a trial court's decision granting a motion for judgment on the pleadings, the appellate court's scope of review is plenary. The appellate court will apply the same standard employed by the trial court: A trial court must confine its consideration to the pleadings and relevant documents. The court

must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. Further, the court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial could clearly be a fruitless exercise. (citations and footnotes omitted).

*Steiner*, 626 A.2d at 586 (citations and footnotes omitted).

5. The Tax Injunction Act of 1937, 28 U.S.C. § 1341, prohibits federal courts from enjoining the collection of any state tax where a plain, speedy and efficient remedy may be had in the courts of such state.

remedies exist. In reaching this decision, the Court noted the strong background principle against federal interference with administration of state taxes. *National Private Truck Council*, 515 U.S. at 586–87, 115 S.Ct. 2351. Based on this presumption, the Court concluded that Congress did not authorize injunctive or declaratory relief under Section 1983 in state tax cases when there is an adequate remedy of law. *Id.* at 588, 115 S.Ct. 2351; *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 68–69, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Taxpayers contend that *National Private Truck Council* does not apply to this matter because the relief sought here is monetary damages, while the relief requested in *National Private Truck Council* was declaratory and injunctive. This distinction, however, is not persuasive.

In *Fair Assessment in Real Estate Association v. McNary*, 454 U.S. 100, 107–09, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), the United States Supreme Court explained that the principles of federalism and comity required federal courts to refrain from adjudicating tax challenges pursuant to Section 1983 and also directed federal courts to refuse tax challenges for monetary damages pursuant to Section 1983. After noting that the form of relief is irrelevant, the Court stated that in order to recover damages, a court must initially determine whether there has been a constitutional violation, which is, in effect, a declaratory judgment. *Id.* at 113, 102 S.Ct. 177. The Court then declared that an action for monetary damages would be as fully intrusive to a state's revenue collection system as an equitable claim and would be further exacerbated by the parties' failure to invoke adequate state remedies before asserting a Section 1983 action. *Id.*

We acknowledge that *National Private Truck Council* does not specifically address whether state courts are precluded from awarding monetary damages in state tax cases pursuant to Section 1983. The Supreme Court, however, relied heavily on its reasoning in *Fair Assessment* in determining that Section 1983 does not provide a basis for state courts to award injunctive relief when an adequate state remedy exists. *National Private Truck Council*, 515 U.S. at 590, 115 S.Ct. 2351. As we previously noted, *Fair Assessment* stands for the proposition that actions for equitable relief and monetary damages from a state property assessment procedure are barred in the federal courts by comity, equitable restraint and federal noninterference in state tax actions. The holding in *National Private Truck Council* removes the limitation to federal courts present in *Fair Assessment* and precludes a Section 1983 action for monetary damages in state courts when state remedies afford the taxpayer an opportunity for plain, adequate and complete relief.[6] Accordingly, we conclude that Taxpayers are unable to bring their Section 1983 action for money damages in state court since adequate statutory remedies exist.

Contrary to Taxpayers' assertion, it is well established that the statutory remedies available to them are plain, adequate, and complete. *See Murtagh I; Garrett v. Bamford*, 582 F.2d 810 (3rd Cir.1978); *Behe v. Chester County Board of Assessment Appeals*, 952 F.2d 66, 68–70 (3rd Cir.1991); and *Sunderland Properties, Inc. v. County of Berks*, 750 F.Supp. 704 (E.D.Pa.1990). Here, the General Assembly has provided Taxpayers with several statutory remedies which they can invoke to challenge Berks County's method of property assessment.

The Third Class County Assessment Law (TCCAL)[7] creates a three member Board of Assessment Appeals in each county which must cause annual assessment of property within its jurisdiction. Section 1 and 3 of the TCCAL; 72 P.S. §§ 5342, 5344. Property owners subject to these assessments must be

---

**6.** We also note that the Supreme Court in *National Private Truck Council* stated in its opinion that it granted certiorari to resolve a conflict among the state courts as to whether state courts in state tax cases must provide relief under Section 1983 when adequate remedies exist under state law. In footnote 3, the Court cited the Pennsylvania Supreme Court's decision in *Mu-*

*rtagh II* as one of the state cases in conflict. *National Private Truck Council*, 515 U.S. at 586, 115 S.Ct. 2351.

**7.** Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §§ 5342–5350.

duly notified. Section 8(b) of the TCCAL; 72 P.S. § 5349(b). A property owner, who is aggrieved by any assessment, whether or not the assessment has been changed from the previous year, has a right to appeal to the Board of Assessment Appeals for relief. Section 8(c) of the TCCAL; 72 P.S. § 5349(c). When such an appeal has been filed, the Board must notify each person and each taxing district which has an interest and has the power to compel the attendance of witnesses and the furnishing of documents. Section 8(d) of the TCCAL; 72 P.S. § 5349(d).

■ Section 9 of the TCCAL also provides that the aggrieved property owner may appeal the final decision of the Board of Assessment Appeals to the county court of common pleas. 72 P.S. § 5350. On appeal, the court of common pleas will proceed de novo. *Appeal of U.S. Steel Corporation*, 436 Pa. 435, 260 A.2d 779 (1970); *Westinghouse Electric Corp. v. Board of Property Assessment, Appeals and Review of Allegheny County*, 539 Pa. 453, 652 A.2d 1306 (1995). In addition, the General County Assessment Law (GCAL) [8] applies to Berks County where it is not inconsistent with the Third Class County Assessment Act. Art. I, § 105 of the GCAL, 72 P.S. § 5020–105; *Truck Terminal Motels of America, Inc. v. Berks County Board of Assessment Appeals*, 127 Pa.Cmwlth. 408, 561 A.2d 1305 (1989), *petition for allowance of appeal denied*, 525 Pa. 652, 581 A.2d 576 (1990). The GCAL provides that the Board of Assessment Appeals in each county shall hear property owners' appeals of tax assessments. Art. V, § 511 of the GCAL; 72 P.S. § 5020–511. The decision of the Board of Assessment Appeals can then be appealed to the court of common pleas for a de novo proceeding, with further appeals available to the Commonwealth and Supreme Courts of Pennsylvania. 42 Pa.C.S. § 762(a)(4).

Based on our legal system's hierarchy of precedence, we are bound to follow the Unit-

ed States Supreme Court's decision in *National Private Truck Council*. *See Commonwealth v. Ware*, 446 Pa. 52, 284 A.2d 700 (1971); *Commonwealth v. City of Harrisburg*, 133 Pa.Cmwlth. 577, 578 A.2d 563 (1990). Because Pennsylvania's administrative process for challenging tax assessments provides Taxpayers with an adequate state remedy, the trial court did not have subject matter jurisdiction to consider Taxpayers' Section 1983 action absent the exhaustion of their administrative and judicial remedies.[9] Thus, we conclude that the trial court properly granted the County and Board's motion for judgement on the pleadings.

Accordingly, we affirm the June 12, 1997 order of the trial court.

### ORDER

AND NOW, this 24th day of July, 1998, the order of the Court of Common Pleas of Berks County, dated June 12, 1997, at No. 5182–89, is affirmed.

---

**8.** Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§ 5020–601–5020–602.

**9.** We note that the appellate courts in Colorado and Arizona have held that state courts can not entertain damages actions under Section 1983 in state tax cases when state law provides an ade-

quate legal remedy. *See Buckley Powder Co. v. State of Colorado*, 924 P.2d 1133 (1996) and *Kerr v. Waddell*, 185 Ariz. 457, 916 P.2d 1173 (1996). Both courts relied on *National Private Truck Council* in rendering their decision.